UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

IN RE:                                 CASE NO.: 13-33114
WALID MIZYED

LEMARK, INC.                      ADVERSARY PROCEEDING
                                            NO: 13-03299
VERSUS

WALID MIZYED

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

This memorandum is offered on behalf of LeMark, Inc., in support of its motion to compel Walid Mizyed to answer discovery propounded to them by mover and to set a hearing date for a trial on whether said Defendants should be held in contempt and should be compelled to answer discovery propounded to them by LeMark, Inc. For the reasons stated more fully below, the court should (1) compel Walid Mizyed to respond to the discovery propounded by LeMark, Inc. (2) award LeMark, Inc. an amount sufficient to compensate it for the attorney's fees they have incurred in bringing this motion to compel and for contempt and for all costs of the motion and rule.

**I.**      **FACTUAL BACKGROUND**

It is important to note that this matter has been pending for over five months. On January 31, 2014 Lemark, Inc. served on Walid Mizyed, through his counsel of record, Susan Tran, Interrogatories and Request for Production of Documents. See attached.

Lemark, Inc. made additional requests in writing and/or by electronic email on February 17, March 11, 2014, May 6, 2014, May 14, 2014 and June 3, 2014 for responses to discovery as

1

well as scheduled a telephone Discovery Conference for May 13, 2014. See attached copies of the letters. However, Walid Mizyed's counsel, Susan Tran was out of the office when phoned for the conference. In addition, mover has corresponded by email with Wilid Mizyed's counsel, as seen from the attached emails.

## II. LAW AND ARGUMENT

### A. More than 15 days have elapsed since discovery was propounded to Defendants and Defendants have failed and/or refused to answer the discovery

Discovery was propounded January 31, 2014. Defendants did not respond after the passage of 15 days. Lemark, Inc. made additional requests in writing and/or electronic email on February 17, March 11, 2014, May 6, 2014, May 14, 2014 and June 3, 2014 for responses to discovery as well as scheduled a telephone Discovery Conference for May 13, 2014. See attached copies of the letters. However, Walid Mizyed's counsel, Susan Tran was out of the office when phoned for the conference. In addition, mover has corresponded by email with Walid Mizyed's counsel, as seen from the attached emails.

### B. Pursuant to F.R.C.P. 37 the Court Should (1) answer the discovery (2) Award Plaintiffs an Amount for Attorneys' Fees and Costs

Fed.R.C.P. 37(a)(4)(A) provides that if a motion compelling a party to answer discovery is granted, "the court *shall*, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." (Emphasis added).

F.R.C.P 37 requires that a motion to compel answers to discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party not

2

making the disclosure in an effort to secure the disclosure without court action. However, if a motion to compel is granted under Rule 37, the district court "shall ... require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." *Tollett v. City of Kemah*, 285 F. 3d 357, 367 (5th Cir.2002); see also *Lytal Enterprises, Inc. v. Newfield Exploration Co.*, 06-33, WL 3366128, *1 (E.D. La. 2006). "A citation for criminal contempt pursuant to a refusal to obey an order of production is within the authority conferred on the district courts by Rule 37 of the Federal Rules of Civil Procedure. . . . Rule 37(b)(2) authorizes the district court to impose such sanctions as are 'just' when any party 'refuses to obey an order made under Rule 34 to produce any document." *Southern Railway Company v. Lanham*, 403 F.2d 119, 125 (5th Cir. 1969). Furthermore, when a state defends a federal suit for prospective relief, the state is not exempt from the ordinary discipline of the courtroom including an award of attorney's fees and costs. *Hutto v. Finney*, 437 U.S. 678, 695 n.24 (1978).

In this matter, Discovery was submitted to Walid Mizyed on January 31, 2014. More than 15 days has elapsed since the discovery was propounded and Walid Mizyed has not submitted answers. Again, undersigned counsel attempted to confer with counsel for Walid Mizyed by way of telephone, written correspondence and/or email. Counsel for Walid Mizyed has refused to confer.

Undersigned counsel is cognizant of the busy schedules of the attorneys involved in this matter. However, it is going to be impossible to complete the necessary work to be prepared for trial if Walid Mizyed continue to drag his feet in this manner. Furthermore, Walid Mizyed's conduct

3

evidences a total lack of respect for and utter contempt for this legal proceeding. Therefore, an order of this court (1) that Walid Mizyed should be compelled to answer the discovery interrogatories and request for production propounded by Lemark, Inc. on January 31, 2014, in default of which all outstanding discovery be deemed favorable to Lemark, Inc. and (2) awarding Lemark, Inc. its attorneys' fees and costs incurred in bringing this motion, is entirely appropriate.

### D. Quantum of Attorneys' fees

As stated in the attached affidavit, undersigned counsel has spent 8.75 hours in researching the issues involved and preparing the documents to be filed regarding this motion to compel and for contempt. Additionally, counsel estimates that 24 hours will be expended in preparing for the hearing in this matter and traveling to Texas to argue the motion before the court. Undersigned counsel charges a fee of $200.00 per hour for his work in this matter. This is a reasonable rate in light of counsel's experience and the issues involved. Therefore, the amount of $6,550.00 would be an appropriate amount for a sanction against Walid Mizyed. If the court requires additional evidence in order to impose a sanction against defendants, counsel requests that the court set an evidentiary hearing for that purpose.

## IV. CONCLUSION

Walid Mizyed has failed to timely provide answers to discovery. LeMark, Inc. has made a good faith attempt to confer with Walid Mizyed regarding the answers to discovery but Walid Mizyed has refused to confer. Therefore, LeMark, Inc. has filed this motion requesting the court to compel Walid Mizyed to answer discovery. Additionally, LeMark, Inc. has requested that this court award them their attorneys' fees and costs incurred in bringing this motion. An award of attorneys' fees and costs is appropriate in light of Walid Mizyed's utter contempt for these

proceedings.

BY ATTORNEYS:

THE COHN LAW FIRM
LIMITED LIABILITY COMPANY
10754 Linkwood Court, Suite 1
Baton Rouge, Louisiana 70810
Telephone: (225) 769-0858; Fax: (225) 769-1016

BY: /s/ Bartley P. Bourgeois
DAVID M. COHN, LBR #4237
D. BRIAN COHN, LBR #28000
BARTLEY P. BOURGEOIS, LBR #26606
M. VIRGINIA KELLY SMITH, LBR#28371

## CERTIFICATE

I, hereby certify that a copy of the attached Motion to Compel and Memorandum was mailed to Walid Mizyed, 12410 Narcissus View Trail, Houston, TX 77021, Susan Tan, 440 Louisiana St., Ste. 1900, Houston, TX 77002, Alison D. Byman, Trustee, Three Allen Center, 333 Clay St., 29th Floor, Houston, TX 77002, Nancy Lynne Holley, on behalf of US Trustee, 515 Rusk St Ste 3516, Houston, TX 77002 and the United States Trustee, 515 Rusk Ave., Ste. 3516, Houston, TX 77002, through the United States mail, proper postage affixed on this __16__ day of June, 2014 at Baton Rouge, Louisiana.

/s/ Bartley P. Bourgeois
Bartley P. Bourgeois

## **FED RULE 37**

I, the undersigned party or attorney, certify to the court that I contacted counsel of record for Walid Mizyed, Susan Tran as follows:

> (1) on February 17, 2014, March 11, 2014, May 6, 2014, May 14, 20014 and June 3, 2014 by written correspondence and/or electronic email.
>
> (2) on May 13, 2014 by telephone regarding outstanding discovery; However, Ms. Tran was out of the office when phoned for the conference.

all in an attempt to confer for purposes of amicably resolving the issues regarding the outstanding

5

answers to discovery that are past due. Counsel for Walid Mizyed has refused to do so after reasonable notice.

/s/ Bartley P. Bourgeois
Bartley P. Bourgeois