UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

IN RE:
WALID MIZYED

CASE NO.: 13-33114

LEMARK, INC.

VERSUS

WALID MIZYED

ADVERSARY PROCEEDING
NO: 13-03299

## INTERROGATORIES AND
## REQUESTS FOR PRODUCTION OF DOCUMENTS

To:  Walid A. Mizyed,
     Through his counsel of record:
     Ms. Susan Tran
     Coral Tran Singh, LLP
     440 Louisiana Ste. 1900
     Houston, TX 77002

Now comes Plaintiff, LEMARK, INC., through undersigned counsel, who propounds to Defendant, WALILD MIZYED., the following interrogatories and requests for production of documents to be answered fully, individually, in writing, and under oath, within the delays provided by the Federal Rules of Civil Procedure, and in default of the full, complete, and timely answer thereto, Plaintiff demands that you pay all reasonable attorney's fees, costs, and expenses of compelling answers to the same.

These interrogatories cover all information available to the answering parties and to each and every agent, employee, and attorney of such party, whether by personal knowledge, hearsay, books, records, reports, and all other sources, and these interrogatories are continuing and the answers shall be supplemented or amended if further information becomes known to the answering party prior to trial of this case.

1

Where "you" or "your" is used in these requests for admission, interrogatories and requests for production of documents, the reference is to Defendant, Walid Mizyed, and all officers, agents, and managers thereof.

## DEFINITIONS

A. The term "person" shall mean any individual, partnership, firm, corporation, association, joint venture, or any other business or legal entity.

B. The term "document" shall mean the original or a copy of any written, printed, typed, photocopied, photographic and graphic matter of any kind or character, and any recorded materials, however produced or reproduced, in your possession or control or known by you to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of account relating or referring in any way to the subject matter of these interrogatories and/or requests.

C. The term "communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written, electronic and oral communications.

D. The terms "you and "your" shall mean Walid A. Mizyed, along with any and all of its members and officers and any other individual, employee and person who, acting as its representative, can be required to furnish information, including any person acting on its behalf as its representative in the investigation or preparation of this action.

E. The terms "identify" or "identification" and "describe" or "description":
   1) When used in reference to an individual, shall mean to state his full name, present or last known residence, and business affiliation and business address;
   2) When used in reference to a corporation, shall mean to state its full name, its state of incorporation, and its principal place of business;
   3) When used in reference to a person other than an individual or corporation, shall mean to state its official name, its organizational form and its address;
   4) When used in reference to a document, shall mean to state the type of document, date, author, addressee, title, its present location, the name and address of its custodian and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished;
   5) When used in reference to an agreement or contract, shall mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place where it was confected, its terms and/or conditions, its present location, the name and address of its custodian; and the substance of the contents thereof. If the agreement or contract has been amended, this must be stated and the above information furnished on each such amendment. In lieu of identifying any agreement or contract, copies thereof may be furnished;

6) When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct ("act"), shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto;

7) When used in reference to any discussion, conversation, communication, or statement ("discussion") shall mean in addition to the foregoing to set forth the substance of the discussion.

F. The term "Petition" shall mean the Petition which was filed in this action on the Plaintiff's behalf and any amendments thereto.

G. The term "Plaintiff" shall mean Lemark, Inc. and any other individual who intervenes as a claimant in this case.

H. The term "Defendant" shall mean Walid A. Mizyed.

## INSTRUCTIONS

These Interrogatories and Requests for Production are continuing in nature and if information, communications, or documents are discovered or come to the attention of Defendant after the discovery is answered that would require the answer be supplemented; demand is hereby made that the said answer be supplemented and furnished immediately.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Regarding the Mortgage by Walid A. Mizyed and Angela Saleh Mizyed, in favor of Abdel H. Mizyed, dated December 1, 2009, in the amount of $175,000.00, filed on December 2, 2009, as Original 672, Bundle 12202 and listed on your Schedule A (doc. 20) as 226 Charter Ridge Ct., please identify the manner in which Abdel H. Mizyed tendered $175,000.00 to Walid A. Mizyed and Angela Saleh Mizyed, and whether Walid A. Mizyed and Angela Saleh Mizyed are making payments to Abdel H. Mizyed as referenced therein.

**INTERROGATORY NO. 2:**

Regarding the Mortgage by Walid A. Mizyed and Angela Saleh Mizyed, in favor of Abdel H. Mizyed, dated December 1, 2009, in the amount of $575,000.00, filed on December 2, 2009, as Original 676, Bundle 12202 and listed on your Schedule (doc. 20) as 9968 Burbank Drive, 10016 Burbank Drive, 821 Elvin Drive, 831 Elvin Drive and 9626, Baton Rouge, LA , please identify the manner in which Abdel H. Mizyed tendered $575,000.00 to Walid A. Mizyed and Angela Saleh Mizyed, and whether Walid A. Mizyed and Angela Saleh Mizyed are making payments to Abdel H. Mizyed as referenced therein.

**INTERROGATORY NO. 3:**

Regarding the Mortgage by Gardere Plaza, Inc., in favor of Abdel H. Mizyed, dated December 1, 2009, in the amount of $575,000.00, filed on December 2, 2009, as Original 677, Bundle 12202 and listed on your Schedule B (doc. 20) as 2509 Gardere Lane and 2509 Gardere Lane, Suite II, Baton Rouge, LA, please identify the manner in which Abdel H. Mizyed tendered $575,000.00 to Gardere Plaza, Inc., and whether Gardere Plaza, Inc. is making payments to Abdel H. Mizyed as referenced therein. Further, please clarify why said Mortgage references a Promissory Note of $1,000,000.00.

**INTERROGATORY NO. 4:**

Regarding the Mortgage by Beechwood, Inc., in favor of Abdel H. Mizyed, dated December 1, 2009, in the amount of $100,000.00, filed on December 2, 2009, as Original 679, Bundle 12202 and listed on your Schedule B (doc. 20) as 4850 Beechwood Drive, Baton Rouge,

LA, please identify the manner in which Abdel H. Mizyed tendered $100,000.00 to Beechwood, Inc., and whether Beechwood, Inc. is making payments to Abdel H. Mizyed as referenced therein.

**INTERROGATORY NO. 5:**

Regarding the Mortgage by DNA Realty, Inc., in favor of Abdel H. Mizyed, dated December 1, 2010, in the amount of $350,000.00, filed on December 2, 2009, as Original 682, Bundle 12202 and listed within your Schedule B (doc. 20), please identify the manner in which Abdel H. Mizyed tendered $350,000.00 to DNA Realty, Inc., and whether DNA Realty, INC. is making payments to Abdel H. Mizyed as referenced therein.

**INTERROGATORY NO. 6:**

Regarding the Mortgage by N. Acadian, Inc., in favor of Abdel H. Mizyed, dated December 1, 2010, in the amount of $100,000.00, filed on December 2, 2009, as Original 685, Bundle 12202 and listed on your Schedule B (doc. 20) as 3265 Calumet Street, Baton Rouge, LA, please identify the manner in which Abdel H. Mizyed tendered $100,000.00 to N. Acadian, Inc., and whether N. Acadian, Inc. is making payments to Abdel H. Mizyed as referenced therein.

**INTERROGATORY NO. 7:**

Please list and describe how any and all rental payments were paid by any and all tenants to Walid Mizyed, Gardere Plaza, Inc., Beechwood Inc., DNA Realty, Inc. and N. Acadian, Inc. in regards to any leases between lessors and lessees on property owned by lessors including, without limitations, the form of said rental payments; the amounts of said rental payments; where

and when and how the rental payments were accounted for in the financials of the lessors; and how were the rental payments accounted for in the lessor's tax returns.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce any and all documents and records used by you in responding to Interrogatory No. 1, and also produce any and all documents and records which memorialize funds were tendered to any party in connection with the Mortgage referenced therein, including, but not limited to payments made in satisfaction of the debt.

### REQUEST FOR PRODUCTION NO. 2:

Please produce any and all documents and records used by you in responding to Interrogatory No. 2, and also produce any and all documents and records which memorialize funds were tendered to any party in connection with the Mortgage referenced therein, including, but not limited to payments made in satisfaction of the debt.

### REQUEST FOR PRODUCTION NO. 3:

Please produce any and all documents and records used by you in responding to Interrogatory No. 3, and also produce any and all documents and records which memorialize funds were tendered to any party in connection with the Mortgage referenced therein, including, but not limited to payments made in satisfaction of the debt.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all documents and records used by you in responding to Interrogatory No. 4, and also produce any and all documents and records which memorialize funds were tendered to any party in connection with the Mortgage referenced therein, including, but not limited to payments made in satisfaction of the debt.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all documents and records used by you in responding to Interrogatory No. 5, and also produce any and all documents and records which memorialize funds were tendered to any party in connection with the Mortgage referenced therein, including, but not limited to payments made in satisfaction of the debt.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all documents and records used by you in responding to Interrogatory No. 6, and also produce any and all documents and records which memorialize funds were tendered to any party in connection with the Mortgage referenced therein, including, but not limited to payments made in satisfaction of the debt.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all documents and records used by you in responding to Interrogatory No. 7, and also produce any and all documents and records which memorialize the lessees and rental payments described in Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all state and federal tax returns from 2003 to present date filed on behalf of Walid A. Mizyed, Gardere Plaza, Inc., Beechwood, Inc., DNA Realty, Inc. and N. Acadian, Inc.

RESPECTFULLY SUBMITTED,

**THE COHN LAW FIRM**
10754 Linkwood Court
Baton Rouge, Louisiana 70810
Telephone: 225-769-0858
Fax: 225-769-1016

/s/ Bartley P. Bourgeois

---

Bartley P. Bourgeois, La Bar Roll No. 26606
David M. Cohn, La Bar Roll No. 04237

## C E R T I F I C A T E

I, hereby certify that a copy of the foregoing Interrogatories and Request for Production of Documents was mailed to Walid Mizyed, through his attorney of record, Susan Tan, 440 Louisiana St., Ste. 1900, Houston, TX 77002, through the United States mail, certified mail, proper postage affixed on this 31st day of January, 2014 at Baton Rouge, Louisiana and via email to susan.tran@ctsattorneys.com .

/s/ Bartley P. Bourgeois

---

Bartley P. Bourgeois