IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | |
| | Case No. 13-33114 |
| WALID MIZYED | Chapter 7 Bankruptcy |
|     Debtor | |
| -------------------------------------------------- | |
| LEMARK, INC. | |
|     Plaintiff | |
| V. | Adv. No. 13-03299 |
| WALID MIZYED | |
|     Defendant | |

**DEFENDANT'S ORIGINAL ANSWER TO SECOND AMENDED AND SUPPLEMENTAL COMPLAINT FOR THE DETERMINATION OF DISCHARGEABILITY OF DEBT OR IN THE ALTERNATIVE COMPLAINT OBJECTING TO DISCHARGE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, WALID MIZYED ("Defendant"), Defendant, in the above-styled adversarial proceeding, and files this Original Answer to Plaintiff's Second Amended and Supplemental Complaint (the "Complaint") against Plaintiff Lemark, Inc. and would respectfully show this Court the following:

## I.  ADMISSIONS & DENIALS

1. Defendant admits paragraph 1.

2. Defendant admits paragraph 2.

3. Defendant admits paragraph 3.

4. Defendant denies paragraph 4.

5. Defendant admits paragraph 5.

6. On behalf of Gardere Plaza, Inc., Beechwood, Inc., N. Acadian, Inc. and DNA Realty, Inc. ("corporations"), Defendant signed mortgages in favor of Abdel Mizyed because Abdel Mizyed loaned funds for the purchase of real properties owned by the corporations. Because of Abdel Mizyed's security interest in the properties, Defendant had no equity position within each of the named corporations. For these reasons paragraph 6 is denied.

7. Defendant denies paragraph 7; Abdel Mizyed loaned hundreds of thousands of dollars to Defendant and the corporations to facilitate the purchase of the properties; such mortgages were granted due to Abdel Mizyed wanted to secure his loans.

8. Defendant denies paragraph 8; there was insufficient equity present in the properties to satisfy Plaintiff's judgments as the corporations' properties were purchased using Abdel Mizyed's funds.

9. Defendant admits paragraph 9.

10. Defendant admits his familial relationships; however, paragraph 10 is denied as mortgages were granted because Abdel Mizyed loaned Defendant and the corporations large sums of money and chose to take a security interest in properties purchased using Abdel Mizyed's funds.

11. Defendant denies paragraph 11. Plaintiff has provided no evidence which demonstrates "sham" mortgages as Plaintiff suggests; Plaintiff's complaint is full of allegations but has no support for its claims.

12. Defendant admits to filing for Chapter 7 relief and listing his father as a secured creditor; however, Defendant denies the existence of the "sham" mortgages.

Lemark v. Walid Mizyed Adv. No. 13-03299
DEFENDANT'S ORIGINAL ANSWER TO SECOND AMENDED AND SUPPLEMENTAL COMPLAINT FOR THE DETERMINATION OF DISCHARGEABILITY OF DEBT OR IN THE ALTERNATIVE COMPLAINT OBJECTING TO DISCHARGE

13. Defendant denies paragraph 13; Defendant is able to show through evidence the funds transfered by Abdel Mizyed, the dates of the transfers, and how the payments were made with the mortgages.

14. Defendant and corporations were loaned funds from Abdel Mizyed which were in turn used to purchase the various properties listed on Defendant's schedules[1] and in exchange, Defendant and corporations were required to give security interests in each of the properties. Therefore, paragraph 14 is denied.

   **A.   Defendant's indebtedness to Plaintiff should not be excepted from discharge under the basis of 11 U.S.C. § 523.**

15. Defendant neither admits nor denies as paragraph 15 is a recitation of 11 U.S.C. § 523.

16. Defendant denies paragraph 16; Defendant did not commit fraud or defalcation by mortgaging the company properties because no express or implied trust relationship existed between Defendant and Plaintiff.

   **i.**   *No fiduciary relationship existed between Plaintiff and Defendant.* Plaintiff has not alleged a violation of express trust imposed by either contract or statute to claim that Defendant is not entitled to a discharge under 11 U.S.C. § 523(a)(4). An express trust may be created by express agreement, the direct acts of the parties or written instrument or a technical trust may be imposed by law. See In re Berry, 174 B.R. 449, 454 (Bankr. N.D. Tex. 1994) and In re Angelle, 610 F.2d 1335, 1341 (5th Cir. 1980). At most, Defendant can allege a breach of contract as no "trust" relationship existed between the parties in

---

[1] Please see Debtor's amended Schedule A and B (Docket No. 20)
**Lemark v. Walid Mizyed Adv. No. 13-03299**
**DEFENDANT'S ORIGINAL ANSWER TO SECOND AMENDED AND SUPPLEMENTAL COMPLAINT FOR THE DETERMINATION OF DISCHARGEABILITY OF DEBT OR IN THE ALTERNATIVE COMPLAINT OBJECTING TO DISCHARGE**

    order for Plaintiff to object to Defendant's discharge on the basis of fraud/defalcation in a fiduciary capacity.

  **ii.** *Plaintiff has not alleged a statute or case law which provides for a fiduciary relationship.* Plaintiff has the burden of establishing the exception by a preponderance of the evidence. <u>Grogan v. Garner</u>, 498 U.S. 279 286-88 (1991). Although this Court ordered Plaintiff to re-plead its amended complaint (Docket No. 10) during the pre-trial conference to assert a statutory or case law basis for a discharge objection under a fiduciary claim, Plaintiff still has not done so.

17. Defendant denies paragraph 17; Defendant did not grant mortgages to Abdel Mizyed with the intent to commit malicious injury upon the Plaintiff. See <u>Kawaauhua v. Geiger</u>, 523 U.S.C. 57 (1998).

18. Paragraph 18 is denied; Plaintiff is required to plead specifically which cause of action under 11 U.S.C. 523 for which Defendant should be denied a discharge.

  **B.**  **Defendant's should not be denied a discharge under 11 U.S.C. § 727.**

19. Defendant denies paragraph 19.

20. Defendant neither admits nor denies as paragraph 20 is a recitation of 11 U.S.C. § 727.

21. Defendant denies paragraph 21; Debtor testified as to the existence of the mortgages granted to Abdel Mizyed because Defendant was required to testify under penalty of perjury. Defendant's schedules reflect his indebtedness to Abdel Mizyed as Defendant knew he was required to list all his financial obligations under penalty of perjury.

Defendant acknowledges that Plaintiff's argument for the "sham" mortgages is the subject of the Revocatory Lawsuit[2] in Louisiana.

22. Defendant denies paragraph 22.

23. Paragraph 23 is denied.

24. Defendant neither admits nor denies paragraph 24.

25. Defendant neither admits nor denies paragraph 25.

26. Defendant admits paragraph 26.

27. Defendant admits paragraph 27.

28. Defendant admits paragraph 28.

29. Defendant admits paragraph 29.

30. Defendant admits paragraph 30.

31. Defendant admits paragraph 31.

32. Defendant denies paragraph 32.

33. Defendant denies paragraph 33.

34. Defendant denies paragraph 34.

35. Defendant denies paragraph 35. Defendant did not breach his fiduciary duties owed to the corporations as the decision to grant mortgages to Abdel Mizyed, who provided the funds for the purchase of the properties, is valid under the business judgment rule. The salient point is Defendant did not owe fiduciary duties to Plaintiff, nor did the parties have any other relationship of trust. Exceptions to discharge should be construed

---

[2] Defendant points out that a "Revocatory Lawsuit" is not a federal or bankruptcy claim for which relief can be granted and pursuant to this Court, Plaintiff was required to amend its Original Complaint (Docket No. 29) to state a federal or bankruptcy claim which relief can be granted whereas Plaintiff continues its "Revocatory Lawsuit" and "sham" mortgage argument and did not amend its Complaint to support its Objection to Discharge.

Lemark v. Walid Mizyed Adv. No. 13-03299
DEFENDANT'S ORIGINAL ANSWER TO SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
FOR THE DETERMINATION OF DISCHARGEABILITY OF DEBT OR IN THE ALTERNATIVE
 COMPLAINT OBJECTING TO DISCHARGE

narrowly in favor of the debtor, since the Bankruptcy Code provides a fresh stat to debtors unhampered by pre-existing financial burdens. In re Davis, 194 F.3d 570, 574 (5th Cir. 1999).

## II.  AFFIRMATIVE DEFENSES

36. Pursuant to Rule 8(c) of the Federal Rules of Evidence, Defendant asserts the defense of failure to state a claim for which relief may be granted.

37. Pursuant to Rule 8(c) of the Federal Rules of Evidence, Defendant asserts the defense of laches.

38. Defendant reserves the right to amend this Original Answer to assert further and other affirmative defenses.

## III.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that:

(1) Plaintiff take nothing by reason of this suit;

(2) this Court dismisses the Plaintiff's Second Amended Complaint; and

(3) Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

           Respectfully submitted,

           **CORRAL TRAN SINGH, LLP**

           /s/Susan Tran
           Susan Tran
           SBN: 24075648
           CORRAL TRAN SINGH, LLP
           440 Louisiana St Ste 2450
           Houston TX 77002
           Ph: (713) 654-2143
           Fax: (713) 654-2146
           Susan.Tran@ctsattorneys.com

                                      **ATTORNEYS FOR DEBTOR**
                                      **ATTORNEYS FOR DEFENDANT WALID**
                                      **MIZYED**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Original Answer was served by electronic means and U.S. First Class Mail on August 26, 2014 as follows:

**PLAINTIFF'S ATTORNEYS—VIA FIRST CLASS MAIL AND CM/ECF**

Bartley P. Bourgeois
Cohn Law Firm
10754 Linkwood Ct
Baton Rouge, LA 70810

David M. Cohn
Cohn Law Firm
10754 Linkwood Ct
Baton Rouge, LA 70810

                                               /s/Susan Tran
                                               Susan Tran

**Lemark v. Walid Mizyed Adv. No. 13-03299**
**DEFENDANT'S ORIGINAL ANSWER TO SECOND AMENDED AND SUPPLEMENTAL COMPLAINT FOR THE DETERMINATION OF DISCHARGEABILITY OF DEBT OR IN THE ALTERNATIVE COMPLAINT OBJECTING TO DISCHARGE**