

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF T[EXAS]

ENTERED
02/24/2016

| | | |
|---|---|---|
| Lemark, Inc., § | | |
|     Appellant, § | | |
| versus § | Civil Action H-14-3105 | |
| Walid Mizyed, § | Bankruptcy Adversary 13-3299 | |
|     Appellee. § | | |

| | | |
|---|---|---|
| IN RE: § | | |
| Walid Mizyed and Susan Tran, § | Bankruptcy 13-33114 | |
|     Debtors. § | | |

## Opinion on Appeal

1.     *Introduction.*

      The bankruptcy court gave Lemark, Inc., three opportunities to state a claim against Walid Mizyed's estate. Ultimately, the bankruptcy court dismissed its claims. After reviewing the record, this court concludes that Lemark thrice failed to state a claim. The bankruptcy court will be affirmed.

2.     *Background.*

      Doing business as "The Athletes Foot," Mizyed leased a commercial space from Lemark. Mizyed defaulted on the lease. Lemark sued him. Before a judgment was entered, Mizyed and his brothers granted mortgages to their father, Adbel H. Mizyed; he had loaned them a significant amount of money. They recorded the mortgages.

      On May 24, 2010, a state court in Louisiana issued a $182,728.00 judgment for Lemark against Mizyed, plus interest, attorney fees, and costs. That court's judgment found that Mizyed was doing business as a partner in a general partnership with his brothers.

On May 22, 2013, Mizyed filed for Chapter 7 bankruptcy. He listed Lemark as an unsecured creditor. He listed his father as a creditor with (a) a $143,000.00 lien secured by his homestead, and (b) a loan of $543,000.00 partially secured by other real property.

On October 24, 2013, Lemark sued to stop its debt from being discharged. On December 19, 2013, the bankruptcy court ordered Lemark to amend its complaint because it had not adequately pleaded a recoverable claim. It amended. On July 17, 2014, the bankruptcy court again ordered Lemark to amend its complaint. It re-amended. On September 17, 2014, the bankruptcy court ordered Lemark to show cause as to why its twice-amended complaint should not be dismissed. On October 20, 2014, after oral argument, the bankruptcy court dismissed the complaint because the essential allegations were too far afield from those needed to sustain an initial action.

3.   *Dischargablilty.*

   A.   *Fiduciary duty.*

The bankruptcy code says some otherwise dischargable debts should not be discharged if they are held by a debtor who acted fraudulently while in a fiduciary capacity.[1] This exception applies to a specific debt if the creditor can show that the debtor owed it an expressed fiduciary duty.

Mizyed had a duty to Lemark if (a) an express trust existed, (b) Mizyed was a fiduciary of that trust, and (c) Lemark was defrauded while Mizyed was acting as a fiduciary.[2]

Lemark was Mizyed's landlord. After he defaulted on rent, it became his creditor. Lemark says that Mizyed gave his father a security interest in his real property to avoid paying it. It also says that Mizyed had a special duty to it because he owes it more than other unsecured creditors. Mizyed and Lemark's relationship was not one of a fiduciary:beneficiary, Lemark was merely his unsecured creditor. Lemark has not shown (a) an express trust existed,

---

[1] 11 U.S.C. § 523 (a)(4)(2014).

[2] *See* In re Cantrell, 88 F.3d 344 (5th Cir. 1996).

(b) a technical trust at law that specified that it was owed a duty, or (c) subversive acts by Mizyed.

Lemark has not pleaded adequate facts to establish that it could plausibly recover under 11 U.S.C. § 523 (a)(4).

### B. Other transfer.

The bankruptcy code does not allow a debtor to both (a) willfully and maliciously injure his estate by transferring funds to a particular creditor and (b) to claim that the intentionally avoided debt should be discharged from his estate.[3] Lemark says that Mizyed injured it by giving fraudulent mortgages to his father. It claims that Mizyed maliciously secured his father's debt to avoid paying his other unsecured creditors.

At the time the mortgages were executed, Lemark had no interest in Mizyed's real property. Debtors, like Mizyed, have more than one creditor. If the mere issuance of the mortgages gave Lemark a valid claim, every creditor could dispute the payment of another creditor. Even if Lemark did have an attenuated interest in the property, it has no facts suggesting that Miyzed granted the mortgages with the intent to maliciously injure it. Claims must be based on facts and evidence, not unsubstantiated conjecture.

Lemark has not pleaded adequate facts to establish that it could plausibly recover under 11 U.S.C. § 523 (a)(6).

### C. False oath.

A debt of an estate should not be discharged if a debtor knowingly and fraudulently makes false oath during the bankruptcy proceedings.[4] This statute ensures that dependable, verifiable information is available to the court, the creditors, and those otherwise interested in the administration of the estate. To establish a false oath, Lemark has to show that (a) Mizyed falsely stated a fact, (b) he knew it was false, (c) he made it with fraudulent intent, and (d) it was materially related to the bankruptcy case.[5]

---

[3] 11 U.S.C. § 523 (a)(6)(2014).

[4] 11 U.S.C. § 727 (a)(4)(2014).

[5] In re Beaubouef, 966 F.2d at 174, 178 (5th Cir. 1992).

Lemark says that Mizyed made false oath by asserting that his father's loan was partially secured by mortgages. It claims that the mortgages may not exist and, even if they do exist, that they are improper because they were not supported by sufficient consideration.

Mizyed included the mortgages in the bankruptcy schedules. The schedules show that the mortgages were supported by sufficient consideration. Also, the mortgages are recorded in the real property records of Louisiana. To believe Lemark would be to believe that Mizyed has not only made misrepresentations to the bankruptcy court and this court but also to the state of Louisiana. It has no facts that support its assertions against Mizyed.

Lemark has not pleaded adequate facts to establish that it could plausibly recover under 11 U.S.C. § 727 (a)(4).

4. *Conclusion.*

The bankruptcy court correctly dismissed the claims of Lemark against Mizyed. It has not supplied facts or even an inkling of support to underpin its assertions that Mizyed has committed fraud or that he owed it a higher duty than his other creditors. Because Lemark has failed to state a claim upon which it could plausibly recover, the bankruptcy court will be affirmed.

Signed on February 24, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge